IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-15-BO

| | | |
|---|---|---|
| RICKY DENNIS HILDEBRAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PBM GRAPHICS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the defendant's motion to dismiss for failure to state claim [DE 14], plaintiff's motion to appoint counsel [DE 17], and plaintiff's filing of an "addendum" to his complaint [DE 18]. For the reasons stated herein the defendant's motion to dismiss is DISMISSED WITHOUT PREJUDICE and the plaintiff's motion to appoint counsel is DENIED. The plaintiff's addendum to his complaint is recognized as an amended complaint.

## BACKGROUND

This *pro se* employment discrimination case was filed on January 7, 2013. The only statutory basis cited to support plaintiff's claims was Title VII of the Civil Rights Act of 1964. The plaintiff had received a notice of his right to sue from the Equal Employment Opportunity Commission on October 9, 2012. On February 22, 2013, the defendant employer filed a motion to dismiss for failure to state a claim. On February 27, 2013, the plaintiff filed a motion to appoint counsel. Finally, on March 18, 2013, the plaintiff filed an untitled document that the clerk docketed as "addendum to complaint." This most recent filing by the plaintiff elaborates on the claims made in his complaint and contains additional factual allegations.

1

## DISCUSSION

I.   THE DEFENDANT'S MOTION TO DISMISS IS DISMISSED WITHOUT PREJUDICE.

Federal Rule of Civil Procedure 15 allows a party to amend his complaint

> 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Further, where a plaintiff is proceeding *pro se* the Court must consider the claims presented to it in a different light than it might consider the filings of professional attorneys. Although the Court must liberally construe pleadings submitted by *pro se* claimants, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), "a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them." *Well v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Here, it is undisputed that the plaintiff filed the addendum to his complaint outside the 21-day window provided for amendment by Rule 15. However, given that the new allegations in plaintiff's attempted amendment were generally responsive to the arguments raised in defendant's Rule 12(b)(6) motion it does not take any great effort for the Court to realize that the plaintiff was in fact attempting to amend his complaint. Allowing this *pro se* plaintiff the benefit of the doubt, the Court finds that justice requires recognizing this amendment. As this amendment was filed after the defendant's filing of its motion to dismiss and as the amended complaint at least partially addresses the arguments raised in the defendant's motion to dismiss, the motion to dismiss is now dismissed without prejudice. Of course, pursuant to Rule 12 the defendant is permitted to re-file a motion to dismiss the amended complaint within 21 days of the date of the entry of this Order.

## II. THE PLAINTIFF'S MOTION TO APPOINT COUNSEL IS DENIED.

Plaintiff's complaint sought relief from employment discrimination under Title VII of the Civil Rights Act of 1964 and other federal statutes. Specifically, the plaintiff has alleged that he was subjected to discrimination because his race and physical limitations. The plaintiff has been proceeding *pro se* in this matter and now seeks appointment of counsel by the Court.

There is no constitutional right to counsel in civil cases absent "exceptional circumstances." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 19854) *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 300 n.2 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." *Whisenant*, 739 F.2d at 163 (quotation omitted). Further, as a threshold matter is not proper to appoint counsel unless the plaintiff's case appears likely to be on of substance. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

Here, the Court is aware of no facts that make this case one of "exceptional circumstances." The instant case appears to a run-of-the-mill employment discrimination case that does not merit special encouragement from the Court to proceed. As such, it is proper to deny the plaintiff's motion for appointment of counsel.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss is DISMISSED WITHOUT PREJUDICE. The defendant is directed to file any Rule 12 motions within 21 days of the date of the entry of this Order. The plaintiff's motion to appoint counsel is DENIED. The clerk is DIRECTED to docket the plaintiff's addendum to his complaint [DE 18] as an amended complaint.

SO ORDERED.

This the 2nd day of July, 2013.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE