IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-15-BO

| | |
|---|---|
| RICKY DENNIS HILDEBRAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| PBM GRAPHICS, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the defendant's motion to dismiss for failure to state claim [DE 25]. Plaintiff, proceeding *pro se*, has failed to respond to the motion. For the reasons discussed below, defendant's motion to dismiss is granted.

## BACKGROUND

This *pro se* employment discrimination case was filed on January 7, 2013. The only statutory basis cited to support plaintiff's claims was Title VII of the Civil Rights Act of 1964. Plaintiff had received a notice of his right to sue from the Equal Employment Opportunity Commission on October 9, 2012. On February 22, 2013, defendant employer filed a motion to dismiss for failure to state a claim. On February 27, 2013, plaintiff filed a motion to appoint counsel and on March 18, 2013, plaintiff filed an untitled document that the clerk entered on the docket as "addendum to complaint."

By order entered July 2, 2013, the Court dismissed defendant's motion to dismiss without prejudice and allowed plaintiff's addendum to complaint to be filed as an amended complaint. Defendant has now moved to dismiss plaintiff's amended complaint in its entirety.

## DISCUSSION

Plaintiff was employed as a driver with defendant beginning in 1988. Plaintiff alleges in his amended complaint that on May 12, 2011, he was the subject of ridicule by defendant's warehouse manager, Rafael Perez. Mr. Perez allegedly harassed plaintiff for being over the age of fifty, told him that defendant prefers to employ individuals who have their own insurance, and that immigrants, specifically Mexican immigrants, work harder than white people. Mr. Perez allegedly yelled at plaintiff and followed plaintiff as he attempted to leave, causing plaintiff to feel that he was in physical danger. Plaintiff was eventually able to remove himself from the situation.

On May 17, 2011, plaintiff was terminated from his position with defendant. Plaintiff alleges that the reason stated for his termination was that "something was said." Plaintiff further alleges that after his employment was terminated defendant suspended and terminated all medical care with a particular physician that plaintiff was receiving for work-related injuries and contested his application for unemployment benefits. Plaintiff believes that his position has been filled by someone who is twenty-six years old.

Plaintiff filed a charge with the Equal Employment Opportunity Commission on September 19, 2011, stating that he had been discriminated against on the bases of his race, age, and disability. The date that plaintiff states the discrimination took place is the date his employment with defendant was terminated. Plaintiff alleged discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act (ADEA), and the Americans with Disabilities Act of 1990 (ADA).

I.  LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Attain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Facial plausibility means that the facts plead "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible," the "complaint must be dismissed." *Twombly*, 550 U.S. at 570.

II.  PLAINTIFF HAS FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

In order to state a claim for relief, plaintiff's complaint need not make out a *prima facie* case of employment discrimination. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). However, it must still allege facts sufficient to nudge his claims across the line from merely conceivable to plausible. In order to show that he was discriminatorily discharged on any basis, plaintiff must demonstrate that he is a member of a protected class, that he suffered adverse employment action, that he was performing his job duties at a level that met his employer's legitimate expectations when he suffered the adverse employment action, and that his position was filled by a similarly qualified applicant outside the protected class. *King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003); *see also Haulbrook v. Michelin North America,* 252 F.3d 696, 702 (4th Cir. 2001) (elements of *prima facie* case of discriminatory discharge under the ADA); *Gross*

3

*v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009) (listing elements of *prima facie* ADA claim and noting that, to succeed, a plaintiff must show that age was the but-for cause of his employer's decision).

While it can be inferred from plaintiff's complaint that he is within the protected class under the ADEA (over forty years old), plaintiff has failed to allege in any way that he is under a disability or that he is disabled within the meaning of the ADA. *See* 42U.S.C. § 12102(1). As is germane to each of his claims, plaintiff has failed to allege that at the time of his termination he was performing his job duties in a manner that met defendant's legitimate expectations. Plaintiff has made no allegations in his complaint that, even liberally, could be construed as indicating that plaintiff's race, age, or disability were the basis of or were even related to his termination.

Finally, Mr. Perez, who alone plaintiff cites as harassing him and making derogatory comments toward him, was not plaintiff's supervisor nor does it appear that he had any role in plaintiff's termination. Insofar as plaintiff may be alleging a hostile work environment claim, the discrete acts complained of are not sufficient to put defendant on notice of a claim that its workplace is "permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of [plaintiff's] employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotations and citation omitted). As plaintiff has failed to provide sufficient factual support to nudge his claims across the line from conceivable to plausible, his complaint must be dismissed.

4

## CONCLUSION

Accordingly, for the reasons discussed above, defendant's motion to dismiss [DE 25] is GRANTED. Plaintiff's complaint is DISMISSED in its entirety and the clerk is DIRECTED to close the file.

SO ORDERED.

This 29 day of October, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE