IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-15-BO

| | |
|---|---|
| RICKY DENNIS HILDEBRAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| PBM GRAPHICS, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on plaintiff's motion to reconsider the Court's order dismissing his amended complaint. Defendant has responded in opposition to the motion for reconsideration. For the reasons discussed below, plaintiff's motion is denied.

## BACKGROUND

This *pro se* employment discrimination case was filed on January 7, 2013. Plaintiff was employed as a driver with defendant beginning in 1988 and alleged that he was the subject of ridicule by defendant's warehouse manager. Plaintiff was later terminated from his position with defendant, and further alleged that after his employment was terminated defendant suspended and terminated all medical care with a particular physician that plaintiff was receiving for work-related injuries and contested his application for unemployment benefits. In his amended complaint plaintiff alleged discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act (ADEA), and the Americans with Disabilities Act of 1990 (ADA).

By order entered October 29, 2013, the Court granted defendant's motion to dismiss for failure to state a claim and dismissed plaintiff's complaint. Plaintiff then filed this motion to reconsider, which the Court shall construe as a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

DISCUSSION

Rule 59(e) permits the court to alter or amend its judgment on motion of a party filed within twenty-eight days of the entry of judgment. Fed.R.Civ.P. 59(e). In order to succeed on a motion pursuant to Rule 59(e), the movant must demonstrate that the judgment under reconsideration should be altered or amended. The Fourth Circuit has identified three circumstances that justify altering or amending a judgment: (1) to incorporate an intervening change in the law, (2) to incorporate new evidence which was unavailable when the court made its decision, and (3) to rectify a clear legal error or prevent manifest injustice. *See Bogart v. Chappell*, 396 F.3d 548, 555 (4th Cir. 2005) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1996)).

In his motion to alter or amend, plaintiff contends that he was not aware that a response would be needed to defendant's motion to dismiss his amended complaint. In lieu of filing an answer to plaintiff's original complaint, defendant's moved to dismiss the complaint for failure to state a claim upon which relief could be granted. Plaintiff then received a courtesy notice from the Clerk of Court regarding the time during which he could respond to a motion and the consequences of an order granting a motion to dismiss. [DE 16]. Plaintiff then filed an addendum to the complaint, which the Court construed as an amended complaint and consequently denied defendant's motion to dismiss without prejudice. [DE 23]. Defendant was permitted to refile a motion to dismiss following the filing of plaintiff's amended complaint.

2

Plaintiff did not receive a second notice from the clerk upon the filing of defendant's second motion to dismiss. However, the Court finds no clear error as the initial notice from the clerk was a courtesy, and plaintiff had already been notified of the rules relating to the filing of a response to a motion and the consequences of failing to respond to a motion to dismiss. Moreover, as defendant's motion was not filed nor construed as one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, no notice to plaintiff under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), was required.

The remainder of plaintiff's motion fails to identify any basis upon which the Court might alter or amend its judgment. In his motion plaintiff presents no intervening change in controlling law or new evidence for the Court to consider. Instead, plaintiff provides additional argument in support of the allegations in his amended complaint. Though the Court must construe his filings liberally as plaintiff is proceeding *pro se*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), plaintiff has simply failed to demonstrate why relief under Rule 59(e) is warranted.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to reconsider [DE 29] is DENIED.

SO ORDERED.

This ___6___ day of March, 2014.

                                                    TERRENCE W. BOYLE
                                                  UNITED STATES DISTRICT JUDGE